UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA PHILLIPS,

     Plaintiff,

                                      Case No:

vs.                                Honorable

LOVE'S TRAVEL STOPS AND
COUNTRY STORES, INC.

     Defendant.

_____

CAITLIN E. MALHIOT (P76606)
JONATHAN R. MARKO (P72450)
MARKO LAW, PLLC
Attorneys for Plaintiff
1300 Broadway, 5th Floor
Detroit, Michigan 48226
313-777-7529
cait@markolaw.com

_____

## **COMPLAINT**

    NOW COMES the Plaintiff, Rhonda Phillips, by and through her attorneys, MARKO LAW, PLLC, and for her Complaint against the above-named Defendant, states as follows:

**JURISDICTION AND VENUE**

1.    Plaintiff Rhonda Phillips is an African American bi-racial woman residing in Ingham County, Michigan.

2.    Defendant Love's Travel Stops and Country Stores, Inc. is a foreign profit corporation headquartered in Oklahoma City, Oklahoma.

3.    Plaintiff was employed by Defendant and the actions giving rise to the Complaint occurred in Eaton County, Michigan.

4.    The amount in controversy greatly exceeds $75,000.00.

5.    This Court has original jurisdiction over this civil action pursuant to 28 USC § 1332 as the amount in controversy exceeds $75,000.00 and the parties are citizens of different states.

**FACTUAL ALLEGATIONS**

6.    Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

7.    Plaintiff began her employment with Defendant on or about September 2021.

8.    Throughout Plaintiff's employment, Defendant maintained a predominantly Caucasian labor force, with very few African American employees or employees of other races.

9.    Throughout her employment, Plaintiff was subjected to racial harassment in the form of a hostile work environment.  The racial hostilities to which Plaintiff was subjected included regular and casual use of references to comments about her being "half-

white", even referring to items in the store employees accessed to do their job for "whites only."

10.    One instance, Plaintiff was told to put her palms up to a coworker's to do a "black test".

11.    The racial harassment and discrimination to which Plaintiff was subjected caused her mental anguish to the point of affecting her health, requiring medical treatment for stress induced by the illegal treatment.

12.    Plaintiff complained about the racial harassment and discrimination to which she was subjected and the discriminatory practices of Defendant to her direct supervisor, who told her the comments were mere "shop talk."

13.    Plaintiff was treated more harshly and suffered adverse actions as a result of her complaints of racial harassment and discrimination.

14.    Following her complaint of racial discrimination, the harassment worsened.

15.    One instance, a coworker pulled down his pants and exposed his underwear to show her "how American he is", and how she "isn't."

16.    Plaintiff was also subjected to sexual harassment, including regular inappropriate commentary on private parts of her body.

17.    Plaintiff's anxiety worsened due to the severe and vulgar harassment.

18.    Plaintiff complained about the racial and sexual harassment to human resources.

19.    Following her complaint, Plaintiff was moved to night shift.

3

20. Plaintiff's mental anguish forced her to terminate her employment with Defendant and seek emergency medical help.

21. As a result of the illegal acts and omissions of Defendant Plaintiff has suffered and continues to suffer damages, including but not limited to the following:

    **a.** Stress;

    **b.** Humiliation;

    **c.** Emotional Damages;

    **d.** Non-economic damages;

    **e.** Exemplary damages;

    **f.** Economic Damages; and

    **g.** All other injuries to be discovered throughout discovery.

## COUNT I- VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT
### *(Racial and Sexual Harassment)*

22. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

23. At all material times, Plaintiff was an employee, and Defendant was her employers, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq.

24. Defendant is vicariously liable for the violation of Plaintiff's Rights under the Michigan Elliott-Larsen Civil Rights Act pursuant to the doctrine of respondeat superior.

25. Throughout her employment with Defendant Plaintiff was subjected to

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

JMARKOLAW.COM
(313) 777-7LAW

MARKO LAW

severe and pervasive harassment on the basis of race and/or sex, which created a hostile work environment.

26.     Plaintiff made numerous complaints about the racial and sexual harassment to Defendant, who failed to take action to prevent the racial harassment or protect Plaintiff.

27.     Defendant had notice of the racial and sexual harassment and the racially and sexually hostile work environment to which Plaintiff was subjected.

28.     Defendants' actions were intentional in disregard for Plaintiff's rights and sensibilities.

29.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

## COUNT II- VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT
### *(Race and Sex Discrimination)*

30.     Plaintiff re-alleges and incorporates by reference the forgoing paragraphs as if fully set forth within.

31.     At all material times, Plaintiff was an employee, and Defendant was her employers, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq.

32.     Plaintiff was subjected to discrimination on the basis of race and/or sex during her employment with Defendant, as she was treated less favorably than similarly situated employees of Defendant who were not in the same protected class as Plaintiff.

33.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

5

## COUNT III- VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT
### *(Retaliation)*

34.     Plaintiff re-alleges and incorporates by reference the forgoing paragraphs as if fully set forth herein.

35.     At all material times, Plaintiff was an employee, and Defendant was her employers, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq.

36.     Plaintiff engaged in protected activities by making complaints of racial harassment and discrimination.

37.     Defendant retaliated against Plaintiff by subjecting her to adverse actions because of her protected complaints, including by giving her an unfavorable shift.

38.     As a result of Defendant's illegal retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court grant judgment in favor of Plaintiff and against Defendants in an amount the Court or jury deems just and fair, plus interest, costs and attorney fees.

Respectfully submitted,

*/s/ Caitlin E. Malhiot*
Caitlin E. Malhiot (P76606)
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone/Fax: 313-528-1128
Email: cait@markolaw.com

Dated: June 8, 2023

6

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

JMARKOLAW.COM
(313) 777-7LAW

MARKO LAW